UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61665-CIV-COHN

HEATHER MASTERSON, individually, and
as guardian on behalf of ZACHARY
GRATTON, a minor,

Magistrate Judge Seltzer

    Plaintiff,

vs.

APOTEX, CORP., APOTEX, INC., et al.,

    Defendants.
_____/

**ORDER DENYING MOTION TO REMAND AS TO SUBJECT MATTER JURISDICTION**
**ORDER DENYING MOTION TO STRIKE AND GRANTING MOTION TO FILE SURREPLY**

THIS CAUSE is before the Court upon Plaintiffs' Motion to Remand and Motion for Attorneys Fees and Costs [DE 8], Defendant SmithKline Beecham's Motion to Strike Plaintiff's Reply Brief, or, Alternatively, Motion for Leave to File a Sur-Reply [DE 16], Plaintiffs' Motion to Strike and Substitute Notice of Supplemental Authority [DE 29], Apotex Defendants' Motion for Leave to File in excess of page limit [DE 33], and Plaintiffs' Motion to Strike Notice of Consent to Removal [DE 52]. The Court has carefully considered the motions, responses and replies thereto, and is otherwise fully advised in the premises.[1]

I.  BACKGROUND

Plaintiffs filed this action in Broward County Circuit Court alleging various claims of negligence and product liability against manufacturers and/or distributors of a

---

[1] As discussed in Section III, infra, the Court believes all pending motions remain to be decided, despite the prior dismissal of two defendants.

psychopharmaceutical drug that is alleged to have caused birth defects in the minor child in this case. Plaintiffs are residents and citizens of Kentucky. Defendant corporations are citizens of various other states and foreign countries. Defendant Apotex Corporation ("Apotex Corp.") has its principal place of business in Weston, Florida, and is a wholly owned subsidiary of Defendant Apotex, Inc., a Canadian corporation (collectively, "Apotex Defendants").

On November 16, 2007, prior to being served, Defendant SmithKline Beecham removed this case to this Court. The Florida defendant, Apotex Corp., was not served until December 10, 2007. Plaintiffs now move to remand the case pursuant to 28 U.S.C. § 1441(b), the "forum-state defendant rule" because a Florida defendant, Apotex Corp., is in the case. Defendants oppose the motion.[2] In addition, the Apotex Defendants have moved to dismiss the Complaint, while Plaintiffs and other Defendants have filed various motions to strike.

## II.  MOTION TO REMAND

On a motion to remand, the removing party bears the burden of establishing jurisdiction. Tapscott v. M.S. Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th cir. 1996), overruled on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069, 1076 (11th Cir. 2000); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). In this case, there is no dispute that complete diversity exists, both now and at the time of removal. However,

---

[2] A dispute has arisen about the timing of service on various other defendants, which affects the running of the 30 day deadline to consent to removal. In addition, Plaintiffs have sought to dismiss two defendants, without prejudice, because counsel has determined that Heather Masterson did not ingest the name brand version of the drug in question, Paxil.

Plaintiffs seek remand because pursuant to 28 U.S.C. § 1441(b), a forum state defendant cannot remove an action.  The statute states that for diversity jurisdiction, any "such action shall be removable only if none of the parties in interest **properly joined and served** as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b) (emphasis added).  Thus, even though a federal court may have original jurisdiction over an action, the forum defendant rule forbids removal of such action.

### A.  Forum Defendant Rule

Plaintiff states that United States Court of Appeals for the Eleventh Circuit precedent, as well as Supreme Court precedent, mandate remand in this case.  However, Plaintiff has incorrectly equated diversity jurisdiction with the forum defendant rule's ban on removal of certain cases that otherwise meet the diversity jurisdiction requirement.  Hurley v. Motor Coach Industries, Inc., 222 F.3d 377, 379-380 (7th Cir. 2000) (forum defendant rule is not jurisdictional); Snapper, Inc. v. Redan, 171 F.3d 1249, 1258 (11th Cir. 1999).  Thus, Plaintiff's reliance on diversity jurisdiction cases is not determinative of this forum defendant issue.  Florence v. Crescent Resources, LLC, 484 F.3d 1293, 1297 (11th Cir. 2007); Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001).  Here, there is no issue of fraudulent joinder, no non-diverse defendant, and diversity jurisdiction is clearly present.

Where complete diversity exists, it is unclear whether the inclusion of an unserved

resident defendant defeats removal under 28 U.S.C. § 1441(b).[3]  The plain language of the statute requires the resident defendant to be "properly joined and served" to defeat removal.  28 U.S.C. § 1441(b).  Thus, the present situation is distinguishable from cases where "the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."  New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 883 (5th Cir. 1998).  Rather, in the more specific context of the forum-state defendant rule in § 1441(b), Congress has apparently determined that the Court only look at "properly joined and served" defendants.  At least in passing, one Circuit Court of Appeals agrees with this conclusion.  McCall v. Scott, 239 F.3d 808, 813, n.2 (6th Cir. 2001).

   The district court decisions on this issue are split.  Defendants rely upon Ott v. Consolidated Freightways Corporation, 213 F.Supp.2d 662, 665 (S.D.Miss. 2002), which answers the precise question of this case by concluding that unserved defendants at the time of removal may be ignored for § 1441(b) purposes.  Other cited cases following Ott are cited as well.  Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F.Supp.2d 177, 180-81 (S.D.N.Y. 2003) (case remanded because defendant in question was in fact served, but legal conclusion of Ott followed); Clawson v. FedEx Ground Package System, Inc., 451 F.Supp.2d 731, 735-36 (D.Md. 2006).

---

[3] Where there is no issue of fraudulent joinder of a defendant, the forum defendant rule does not arise often.  It can only arise, as in this case, when plaintiffs are "forum state" citizens.

In the only published, non-fraudulent joinder decision cited by Plaintiffs,[4] the Court in <u>Oxendine v. Merck and Co., Inc.</u>, 236 F.Supp.2d 517, 524-25 (D.Md. 2002), held that because the law prior to enactment of § 1441(b) stated that where a non-separable controversy involves a resident defendant, the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant. However, this Court agrees with the decisions concluding that § 1441(b) as amended limits looking only at "properly joined and served" defendants at the time of removal where diversity jurisdiction is not an issue.

Plaintiffs also raise policy concerns regarding acceptance of Defendants' arguments. However, in addition to the statutory language and case law, policy considerations also support Defendants. Removal is "intended to protect out-of-state defendants from possible prejudices in state court." <u>Lively v. Wild Oats Markets, Inc.</u>, 456 F.3d 933, 940 (9th Cir. 2006). The purpose of the forum state defendant rule is to allow plaintiffs to choose a forum because a forum state defendant does not need the protection of removal rights. However, in the limited situations such as the present case when a non-forum state defendant removes a case also involving a forum defendant, it is necessary to only consider properly served defendants so as to not allow a plaintiff to

---

[4] In its research, the Court uncovered a Circuit Court of Appeals' description of the district court decision under review in <u>Holmstrom v. Peterson</u>, 492 F.3d 383, 385 (7th Cir. 2007), wherein the lower court recognized that the plain language of the statute required the forum defendant to be properly served to defeat removal, but still held that because there was no indication that plaintiff in that case named the forum state defendant solely to defeat removal, it granted the motion to remand. The Seventh Circuit concluded it lacked jurisdiction to review this procedural defect for other reasons.

5

thwart removal rights of diverse, non forum state defendants by not serving the forum state defendant.[5]  To avoid this result, plaintiffs can control the situation by attempting immediate service upon a forum state defendant when filing such a case in state court.

## B.  Lack of Complete Consent and Amount in Controversy

Although not raised in its motion for remand, Plaintiffs assert in their reply memorandum that removal was improper because not all defendants consented to removal and the amount in controversy does not satisfy subject matter jurisdiction. Defendant SmithKlineBeecham has moved to strike the reply or for leave to file a sur-reply.

Although not raised in the initial motion, subject matter jurisdiction can be raised at any time.  Where, as here, the plaintiff's state court complaint seeks an unspecified amount of damages, the defendant must establish the amount in controversy by a preponderance of the evidence.  Tapscott, 77 F.3d 1359-60.  Although Defendants have not yet had an opportunity to file a sur-reply to the jurisdictional argument, upon review of the Complaint alleging "life-threatening congenital birth defects" in a minor child, including but not limited to pulmonic stenosis, aortic stenosis, patent foramen ovale, and pyloric stenosis, it is more likely than not that the damages will be over $75,000.

---

[5]  Plaintiffs also rely upon a series of unpublished decisions from the Eastern District of Pennsylvania involving some of the same parties as the present case.  Takia Malone v. GlaxoSmithKline PLC, et al, Case No. 07-5048, Order at docket entry 4 (December 4, 2007).  However, in Malone, SmithKlineBeecham was both the forum state defendant and the removing defendant.  The Court there concluded that allowing removal because SmithKlineBeecham was not yet served would defeat congressional intent, citing to Oxendine.  This Court not only disagrees with Oxendine, but factually distinguishes the Pennsylvania cases because in the present case the removing defendant was not the forum-state defendant.

Complaint, ¶ 20.  Plaintiffs allege these physical injuries, "some or all of which are permanent and/or fatal," and others which the infant plaintiff may suffer from in the future, along with pain and suffering, mental anguish, embarrassment, humiliation, disfigurement, lost of enjoyment of the pleasures of life, as well as past and future general and specific damages, including future medical care.  Complaint, ¶ 32.  The Court can conclude that these damage allegations alone meet Defendants' burden to show that the amount in controversy is greater than $75,000.

However, the argument raised in the reply regarding unanimity of consent does require a sur-reply.  First, there is the issue of whether this argument was waived because it was not raised within thirty days of removal.  Second, an exception to the unanimity requirement is lack of service upon the other defendants.  White v. Bombardier Corp., 313 F.Supp.2d 1295, 1299 -1300 (N.D.Fla. 2004), citing Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999).  However, there is case law that a requirement for such consent within thirty days begins upon service on the additional defendants.  Finally, there are issues raised as to the validity of initial service upon certain defendants.  The Court concludes that a sur-reply from any remaining defendants may be filed as described below.

### III.  PLAINTIFFS' DISMISSAL OF CERTAIN DEFENDANTS

Plaintiffs previously sought to dismiss Defendants SmithKlineBeecham and Par Pharmaceutical from this case, without prejudice, because upon further investigation, Plaintiff Heather Masterson did not ingest these Defendants' products [DE 37].  The Court granted that motion as to those two defendants [DE 50].  The Apotex Defendants

7

opposed Plaintiffs' motion, arguing that if SmithKlineBeecham is out of the case, the party that has been most actively litigating the contested jurisdictional issues described above, the remaining Defendants will be prejudiced.  The Apotex Defendants sought clarification as to whether the motions remained pending [DE 64].  The Court determined that the motions in fact remained pending as the Apotex Defendants and others filed Notices of Joinder in the opposition to the remand motion.

## IV.  CONCLUSION

Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

1. Plaintiffs' Motion to Remand on grounds of subject matter jurisdiction is hereby **DENIED** [DE 8];

2. Plaintiffs' Motion for Attorneys Fees and Costs in relation to remand is hereby **DENIED** [DE 8],

3. Defendant SmithKline Beecham's Motion to Strike Plaintiff's Reply Brief is hereby **DENIED** [DE 16];

4. Defendant's alternative Motion for Leave to File a Sur-Reply [DE 16] is hereby **GRANTED**.  The Apotex Defendants (or any other defendant) shall file a sur-reply by May 22, 2008, of no more than 10 pages, on the issues of whether unanimity of consent to removal is required, the proper timing of valid consent, and application of these arguments to the facts of this case, including arguments that service as suggested by Plaintiffs was not initially valid;

5. Plaintiffs' Motion to Strike and Substitute Notice of Supplemental Authority [DE 29] is hereby **GRANTED**;

6.  Apotex Defendants' Motion for Leave to File in excess of page limit [DE 33] is hereby **GRANTED**;

7.  Plaintiffs' Motion to Strike Notice of Consent to Removal [DE 52] is hereby **DENIED**, however, Plaintiffs may file a response to Defendants' surreply.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of May, 2008.

                                        JAMES I. COHN
                                        United States District Judge

Copies furnished to:

Counsel of record on CM/ECF