UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61665-CIV-COHN

HEATHER MASTERSON, individually, and
as guardian on behalf of ZACHARY            Magistrate Judge Seltzer
GRATTON, a minor,

    Plaintiff,

vs.

APOTEX, CORP., APOTEX, INC., et al.,

    Defendants.
_____/

**ORDER DENYING MOTION TO REMAND AS TO UNANIMITY REQUIREMENT**
**ORDER DISMISSING DEFENDANT SANDOZ**

THIS CAUSE is before the Court upon Plaintiffs' Motion to Remand and Motion for Attorneys Fees and Costs [DE 8], this Court's prior Order on the Motion to Remand [DE 70], Defendants' Apotex, Inc. and Apotex Corporation's Sur-Reply regarding consent to remand issue [DE 72/73] and the Joint Stipulation for Dismissal between Plaintiffs and Defendant Sandoz, Inc. [DE 77]. The Court has carefully considered the motions, responses and replies thereto, and is otherwise fully advised in the premises.[1]

I. BACKGROUND

Plaintiffs filed this action in Broward County Circuit Court alleging various claims of negligence and product liability against manufacturers and/or distributors of a psychopharmaceutical drug ingested by a mother that is alleged to have caused birth defects in the minor child in this case. Plaintiffs are residents and citizens of Kentucky.

---

[1] The Court's May 13, 2008 Order allowed the Apotex Defendants to file a sur-reply and for Plaintiffs to respond to the sur-reply. Plaintiffs did not respond to the Apotex sur-reply.

Defendants are corporations and citizens of various other states and foreign countries. Defendant Apotex Corporation ("Apotex Corp.") has its principal place of business in Weston, Florida, and is a wholly owned subsidiary of Defendant Apotex, Inc., a Canadian corporation (collectively, "Apotex Defendants").

On November 16, 2007, prior to being served, Defendant SmithKline Beecham removed this case to this Court. The Florida defendant, Apotex Corp., was not served until December 10, 2007. Plaintiffs initially moved to remand the case on December 13, 2007, pursuant to 28 U.S.C. § 1441(b), because of the presence of a Florida defendant, Apotex Corp., pursuant to the "forum-state defendant rule." Motion for Remand [DE 8]. In its reply memorandum filed on January 4, 2008, Plaintiffs first raised the issue of a removal defect of lack of unanimity of consent to removal by all Defendants [DE 15]. The Court denied the motion to remand on subject matter jurisdiction grounds,[2] but granted the Defendants' motion to file a sur-reply on the issue of lack of unanimity of consent by all defendants.[3] Masterson v. Apotex Corp., 2008 WL 2047979 (S.D.Fla., May 13, 2008). The Court now considers Plaintiffs' lack of unanimity argument.

## II.  DISCUSSION

### A.  Remand Based upon Defect in Removal Procedure

A plaintiff may move to remand an action on the basis of any defect in removal

---

[2] Plaintiffs' reply also raised for the first time failure to allege a sufficient amount in controversy. The Court rejected that argument based upon the extensive injuries alleged in the Complaint.

[3] The removing Defendant, Smithkline Beecham (d/b/a GlaxoSmithline), was dismissed without prejudice from the case. However, the Court allowed the Apotex Defendants to file the sur-reply as the most affected Defendants.

procedure, other than subject matter jurisdiction, within thirty days of removal. 28 U.S.C. § 1447(c). Plaintiffs assert in their reply memorandum that removal was improper because not all defendants consented to removal as required by the United States Court of Appeals for the Eleventh Circuit. In re Ocean Marine Mut. Prot. and Indem. Ass'n Ltd., 3 F.3d 353, 355-56 (11th Cir. 1993). In their sur-reply, the Apotex Defendants argue that Plaintiffs waived the argument of a defective removal because the unanimity argument was not made within 30 days of removal. In addition, the Apotex Defendants argue that unanimity is not required where other defendants are not served. In a prior memoranda, Plaintiffs argue that the later-served Defendants in this case failed to consent to removal within thirty days of service upon each of them, and Plaintiffs should be allowed thirty days to raise additional remand arguments after each Defendant is served [DE's 30 and 52].

A recognized exception to the unanimity requirement is lack of service upon other defendants. White v. Bombardier Corp., 313 F.Supp.2d 1295, 1299 -1300 (N.D.Fla. 2004), citing Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999). However, there is a split in the case law in cases where multiple defendants are served at different times. Some courts follow the "first-served" defendant rule, which requires a later-served defendant to remove or consent to removal within thirty days of service upon the first-served defendant, even if more than thirty days has passed, while others have held that a later-served defendant has thirty days from its receipt of service to remove with consent of the others. Smith v. The Health Center of Lake City, Inc., 252

F.Supp.2d 1336, 1341-1345 (M.D.Fla. 2003) (collecting cases).[4]

Plaintiff argues that the Southern District of Florida has rejected the first-served defendant rule and adopted the later-served defendant rule, citing to Bailey v. Janssen Pharmaceutica, Inc., an unpublished decision.  2006 WL 3665417 (S.D. Fla. November 14, 2006).  While this decision is not binding upon this Court, this Court agrees that the first-served defendant rule deprives later-served defendants of their right to remove a case, and imposes the word "first" into 28 U.S.C. § 1446(b).  Of the Circuit Court of Appeals who have considered the issue, more have rejected the first-served defendant rule and approved the later-served defendants having thirty days to remove an action. McKinney v. Board of Trustees of Mayland Cmty. College, 955 F.2d 924, 926-27 (4th Cir. 1992); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999); Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 755-56 (8th Cir. 2001).

Concluding that a requirement to remove an action within thirty days from the date of service on the additional defendants does not end the analysis in this case. While Plaintiffs argue that Defendants fail to meet the unanimity requirement because the additional defendants did not affirmatively state their consent in the record by January 9, 2008 (30 days from service upon Apotex Defendants), Defendants argue that Plaintiffs waived their right to seek remand on a procedural defect by not raising this issue until their reply on January 4, 2008, more than thirty days since removal.

---

[4] Because a remand for a defect in the removal procedure is not reviewable on appeal, there is no Eleventh Circuit precedent on this issue.  In re Ocean Marine, 3 F.3d at 355.

4

Plaintiffs argue that the issue of lack of consent to remand was not ripe until additional Defendants were served.  As explained above, Defendant SmithKline Beecham removed this action on November 16, 2007, although it (and other Defendants) was not served until December 10, 2007.  Plaintiffs appear to argue that because each Defendant receives thirty days to consent to a previously filed Notice of Removal, Plaintiffs' deadline to seek remand based upon lack of unanimity is extended as well.  However, this argument fails because Congress imposed a thirty day deadline for remand motions based upon a defect in removal procedure.  28 U.S.C. § 1447(c).  The plain language of the statute must prevail.  The Court recognizes that just as a plaintiff can manipulate service in a multiple defendant case to limit removal options, a defendant in a case filed in state court can manipulate remand options for a plaintiff by removing prior to service.  However, unlike the vagueness in 28 U.S.C. § 1446(b) as to whether the thirty day removal deadline applies to just the first-served "defendant," the thirty day deadline for remand by a plaintiff in § 1447(c) is clear.

The Court therefore concludes that because Plaintiffs in this case did not seek remand based upon the procedural defect of lack of unanimity until they filed their reply memorandum on January 4, 2008, more than thirty days after the removal of this case, the procedural defect is therefore waived, and the motion to remand is denied.

## IV.  CONCLUSION

Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

1. Plaintiffs' Motion to Remand on grounds of a defect in removal procedure is

hereby **DENIED** [DE 8];

2. Pursuant to the parties' stipulation [DE 77], any and all claims in this action by Plaintiffs against Defendant Sandoz, Inc. are hereby **DISMISSED with prejudice** from this action, with Plaintiffs and Defendant Sandoz to bear their own attorney's fees and costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of July, 2008.

JAMES I. COHN
United States District Judge

Copies furnished to:

Counsel of record on CM/ECF